IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL J. IBENYENWA | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-44 |
| TEXAS BOARD OF CRIMINAL JUSTICE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael J. Ibenyenwa, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On March 31, 2022, Plaintiff was ordered to submit either the $402.00 filing fee or an Application to Proceed *In Forma Pauperis* and a statement certified by an authorized prison official showing the average balance in, and deposits into, Plaintiff's inmate trust account for the preceding six months. Plaintiff's compliance was due on or before the expiration of twenty (20) days from the date of the Order.

On April 18, 2022, Plaintiff filed a response to the above-referenced Order. Plaintiff stated that the determination of whether he will pay the full filing fee or request to proceed *in forma pauperis* is contingent upon an *en banc* determination by the Fifth Circuit, in an unrelated case, as to whether he may proceed *in forma pauperis* or will be barred by 28 U.S.C. § 1915(g). *See Ibenyenwa v. Wells*, No. 21-40241, 2022 WL 413941 (5th Cir. Feb. 10, 2022) (dismissing appeal as frivolous for Plaintiff's third strike). A review of the docket in the appellate case reveals that Plaintiff's request for rehearing *en banc* was denied by the Fifth Circuit on April 19, 2022. *Id.*

Accordingly, Plaintiff is barred from bringing any lawsuit or appeal *in forma pauperis* except in very limited circumstances not present in this lawsuit. *See* 28 U.S.C. § 1915(g).

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

Plaintiff has failed to pay the filing fee for this action and concedes he is barred from proceeding *in forma pauperis*. By failing to pay the filing fee, Plaintiff has failed to diligently prosecute this case. Therefore, this action should be dismissed without prejudice.

## Recommendation

This action should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b).

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 13th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE